United States District Court
Southern District of Texas
**ENTERED**
January 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE SARIGUMBA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-2578 |
| | § | |
| UNIVERSAL MUSIC GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Motion to Transfer Venue (Document No. 21). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This case involves alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiff Katherine Sarigumba ("Sarigumba") previously worked as a customer service representative for Defendant Universal Music Group, Inc. ("UMG"). Sarigumba was staffed to work for UMG through a staffing company, a non-party to this matter, Leading Edge Connections, LLC ("LEC"). On February 24, 2022, Sarigumba and LEC entered into an Independent Contractor Agreement (the "Contract"). Sarigumba alleges that she was unlawfully terminated in retaliation for "(1) participating in an FLSA lawsuit against . . . LEC[;] (2) fil[ing] a formal

complaint with the Texas Workforce Commission[;] and (3) complaining that UMG improperly classified her as an independent contractor[.]"[1]

Based on the foregoing, on June 4, 2025, Sarigumba filed suit in this Court, pursuant to federal question jurisdiction, asserting a claim against UMG for "retaliatory termination for engaging in protected activities under the FLSA[.]"[2] On October 6, 2025, UMG moved to transfer venue to the Middle District of Florida.[3] On December 5, 2025, Sarigumba responded in opposition.[4]

## II. LAW & ANALYSIS

UMG contends that venue should be transferred "[t]o enforce [the] forum selection clause[.]"[5] Sarigumba contends that UMG's motion to transfer should be denied because venue is proper in the Southern District of Texas.[6] The Court

---

[1] *Plaintiff's Complaint*, Document No. 1 at 1.

[2] *Plaintiff's Complaint*, Document No. 1 at 7.

[3] *See Defendant's Motion to Transfer Venue*, Document No. 21 at 1.

[4] *See Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 1. The Court notes its prior October 17, 2025, Order staying this matter for 45 days and extending Sarigumba's deadline to respond to UMG's motion to transfer. *Order Granting Motion to Stay*, Document No. 23 at 1–2. As such, Sarigumba's response is timely filed and the Court will fully consider it.

[5] *Defendant's Motion to Transfer Venue*, Document No. 21 at 4.

[6] *Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 1.

2

construes all *pro se* filings liberally. *See Erickson v. Paradus*, 551 U.S. 89, 94 (2007).

The Supreme Court has long held that a forum selection clause can be enforced by a motion to transfer. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 51 (2013). When a valid forum selection clause is found, "that forum-selection [clause] should control except in unusual cases." *Id.* Furthermore, when a forum selection clause controls, the plaintiff, "as the party defying the forum-selection clause, has the burden of establishing that a transfer to the forum for which the parties bargained is unwarranted." *Id.* Lastly, when considering a motion to transfer in light of a forum selection clause, the court considers only public interests and "should not consider the parties' private interests[.]" *Id.* Most pertinent here, the Fifth Circuit has held that "the closely-related doctrine may under limited circumstances bind non-signatories to a contract's forum selection clause[.]" *Franlink Incorporated v. BACE Services, Incorporated*, 50 F.4th 432, 445 (5th Cir. 2022).

Here, UMG contends that there is a valid forum selection clause, that enforcement of said clause favors public interests, and that UMG, as a closely related party, may enforce the clause. In response, Sarigumba contends that UMG was not a party to the agreement in which the forum selection clause was signed, and thus, cannot enforce it. Sarigumba further contends that "transfer would prejudice

3

plaintiff[,]" that "venue is proper in this district[,]" and that the clause is invalid.[7] The Court will consider, in turn, each of Sarigumba's objections to UMG's motion to transfer.

First, UMG contends that it can enforce the forum selection clause between Sarigumba and LEC.[8] In response, Sarigumba contends that UMG may not enforce the forum selection clause contending that "[a] non-party cannot dictate venue."[9] A review of the record in this matter reveals that "[b]ut for the Contractor Agreement, [between LEC and Sarigumba] Plaintiff [Sarigumba] would not have performed services for UMG."[10] As such, the Court finds that UMG was closely related to LEC with respect to Sarigumba's employment. Given the Fifth Circuit's clear guidance that a non-party to a contract can enforce a forum selection clause when they are closely related to a signatory, the Court finds that UMG can enforce the forum selection clause. The Court will now consider Sarigumba's remaining arguments.

---

[7] *Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 1–2.

[8] *Defendant's Motion to Transfer Venue*, Document No. 21 at 9.

[9] *Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 3.

[10] *Defendant's Motion to Transfer Venue*, Document No. 21 at 10.

UMG contends that there is a valid forum selection clause and that enforcement of the clause favors public interests.[11] In response, Sarigumba challenges the validity of the clause citing "inconsistent dates[,]" contends that a transfer would "prejudice plaintiff[,]" and further contends that venue is proper in the Southern District of Texas under U.S.C. § 1391.[12] Sarigumba argues that "[t]he ICA [Contract] includes inconsistent dates such as '03/2022-02/2022,' making it facially invalid."[13] The Court has conducted, in detail, an independent review of the Contract between Sarigumba and LEC. Sarigumba appears to be contending that the language "[t]he effective date and start date of this role will be March 4, 2022[,]" and "offer will expire at February 25, 2022" is inconsistent and makes the contract invalid.[14] Even construing the language liberally in favor of Sarigumba's argument, the Court is unable to reach an interpretation that would suggest the language is inconsistent or invalidates the agreement. A further review of the Contract reveals that Sarigumba signed the agreement on February 24, 2022, a day prior to the

---

[11] *Defendant's Motion to Transfer Venue*, Document No. 21 at 6–7.

[12] *Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 1–2.

[13] *Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 2.

[14] *See Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 2; *Defendant's Motion to Transfer Venue*, Document No. 21, Exhibit 2 at 2 [*Independent Contractor Agreement*].

expiration of the agreement.[15] Based on the foregoing, and the Court's own independent review of the Contract, the Court finds that Sarigumba entered a valid contract with LEC containing a valid forum selection clause.[16] The Court will now consider Sarigumba's contentions that transfer would be prejudicial and that venue is currently proper.

Sarigumba contends, in relevant part, that "venue is proper in this district under 28 U.S.C. § 1391(b)(2)" and that transfer would be prejudicial.[17] In reply, UMG contends that while § 1391 governs venue generally, parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses."[18] UMG further contends that, based on the foregoing, Sarigumba's arguments related to Texas being a proper forum and the private difficulties that transfer may impose "are not relevant in this context, even if [they]

---

[15] *See Independent Contractor Agreement*, Document No. 21, Exhibit 2 at 9.

[16] *See Independent Contractor Agreement*, Document No. 21, Exhibit 2 at 8 ("The parties consent to the exclusive jurisdiction and venue of the federal and state courts located in Hillsborough County, Florida, in any action arising out of or related to this agreement.").

[17] *Plaintiff's Opposition to Defendant's Motion to Transfer Venue*, Document No. 28 at 1.

[18] *Defendant's Reply Memorandum in Response to Plaintiff's Opposition to Motion to Transfer Venue*, Document No 29 at 3 (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court. For W. Dist. of Tex.*, 571 U.S. 49 (2013); *Barnett v. Dynocorp Int'l, LLC*, 831 F.3d 296, 300 (5th Cir. 2016)).

were somehow accurate which Defendant disputes."[19] Based on the foregoing; the United States Supreme Court's clear guidance that, in light of a forum selection clause, only public factors of a transfer are to be considered; and the Fifth Circuit's clear guidance that a forum selection clause generally controls with respect to forum non conveniens arguments, the Court finds that Sarigumba's contentions related to private factors and the validity of the current venue are largely irrelevant with respect to the present motion.

Based on the foregoing, and the United States Supreme Court's clear guidance that a valid forum selection clause generally controls, the Court finds that this matter should be transferred in accordance with the forum selection clause of the Contract.

### III.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Transfer Venue (Document No. 21) is **GRANTED**. The Court further

**ORDERS** that this case is **TRANSFERRED** to the United States District Court for the Middle District of Florida.

---

[19] *Defendant's Reply Memorandum in Response to Plaintiff's Opposition to Motion to Transfer Venue*, Document No. 29 at 3.

SIGNED at Houston, Texas, on this **13** day of January, 2026.

DAVID HITTNER
United States District Judge